UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Selene Finance, LP** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>1022 River Road, Windham, ME 04062 |
| **Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew** | Mortgage:<br>February 29, 2008<br>Book 25868, Page 21 |
| **Defendant** | |

NOW COMES the Plaintiff, Selene Finance, LP, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Selene Finance, LP, in which the Defendant, Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety-Two Thousand Nine Hundred Sixty-

Three and 37/100 ($192,963.37) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Selene Finance, LP is a corporation with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042.

5. The Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is a resident of Westbrook, County of Cumberland, and State of Maine.

## FACTS

6. On February 29, 2008, by virtue of a Warranty Deed from Madeline V. Emerson a/k/a Madaline V. Emerson, which is recorded in the Cumberland County Registry of Deeds in **Book 25868, Page 19**, the property situated at 1022 River Road, Windham, County of Cumberland, and State of Maine, was conveyed to the Shirley R. Drew, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On February 29, 2008, Shirley R. Drew executed and delivered to Taylor, Bean & Whitaker Mortgage Corp a certain Note in the amount of $153,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on February 29, 2008, Shirley R. Drew executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp. its successors and assigns, securing the property located at 1022 River Road, Windham, ME 04062 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25868**, **Page 21**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was further assigned to Bank of America, N.A. successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of a Quitclaim Assignment dated May 19, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33179**, **Page 319**. *See* Exhibit D (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Selene Finance LP by virtue of an Assignment of Mortgage dated May 19, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33179**, **Page 322**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Government National Mortgage Association by virtue of an Assignment of Mortgage dated March 8, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34004**, **Page 121**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Selene Finance, LP by virtue of an Assignment of Mortgage dated May 26, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34065**, **Page 131**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. Shirley R. Drew passed away on September 17, 2015.

14. On or about June 26, 2018, a Petition for Formal Appointment of Special Administrator was filed in the Cumberland County Probate Court, Docket No. 2018-0919.

15. On February 13, 2019, an Order on Appointment of Special Adminsitrator was entered in Cumberland County Probate Court, Docket No. 2018-0919, by the Honorable Paul Aranson, which found that the Appointment of Special Administrator was necessary and appointed Benjamin P. Campo, Jr. as Special Administrator.

16. On July 1, 2019, the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

18. The Defendant, Benjamin P. Campo, Special Administrator to the Estate of Shirley R. Drew, failed to cure the default prior to the expiration of the Demand Letter.  Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

19. The Plaintiff, Selene Finance, LP, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note

in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Selene Finance, LP, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Selene Finance, LP, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. The total debt owed under the Note and Mortgage as of October 9, 2019 is One Hundred Ninety-Two Thousand Nine Hundred Sixty-Three and 37/100 ($192,963.37) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $136,519.85 |
| Interest | $33,485.24 |
| Late Fees | $206.04 |
| Escrow Advance | $12,573.62 |
| Corporate Advance Balance | $10,178.62 |
| Grand Total | $192,963.37 |

23. Upon information and belief, the Defendant, Benjamin P. Campo, Special Administrator to the Estate of Shirley R. Drew, is not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related Mortgage and title located at 1022 River Road, Windham, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Selene Finance, LP, is the holder of the Note referenced in Paragraph 7. pursuant to endorsement by the previous holder (if applicable) and physical possession of

the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Selene Finance, LP, has the right to foreclosure upon the subject property.

27. The Plaintiff, Selene Finance, LP, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Benjamin P. Campo, Special Administrator to the Estate of Shirley R. Drew, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note. Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

29. The total debt owed under the Note and Mortgage as of October 9, 2019 is One Hundred Ninety-Two Thousand Nine Hundred Sixty-Three and 37/100 ($192,963.37) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $136,519.85 |
| Interest | $33,485.24 |
| Late Fees | $206.04 |
| Escrow Advance | $12,573.62 |
| Corporate Advance Balance | $10,178.62 |
| Grand Total | $192,963.37 |

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, on July 1, 2019, evidenced by the Certificate of Mailing. Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property. *See* Exhibit H.

## COUNT II – EQUITABLE MORTGAGE

33. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. The intent of Shirley R. Drew and the original lender, Taylor, Bean & Whitaker Mortgage Corp., on February 29, 2008, was to create a mortgage on the property commonly known as and numbered as 1022 River Road, Windham, ME 04062.

35. This intent is shown by the execution of a Promissory Note dated February 29, 2008 to Taylor, Bean & Whitaker Mortgage Corp., in the amount of $153,000.00.

36. The value given at the time of the transaction was $153,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Shirley R. Drew, and Taylor, Bean & Whitaker Mortgage Corp. on the date of the transaction, February 29, 2008, that a mortgage be granted on the subject property.

37. The aforesaid Promissory Note, specifically references 1022 River Road, Windham, ME 04062, as the "Property Address."

38. In addition to the aforesaid Promissory Note, Shirley R. Drew, executed a Mortgage on February 29, 2008, which particularly referenced exactly the same property address of 1022 River Road, Windham, ME 04062, which was referenced on the aforesaid Promissory Note.

39. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

40. This defect is not related to the original execution of the documents, nor the intent of the Shirley R. Drew, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, or Taylor, Bean & Whitaker Mortgage Corp. but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

41. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *See, Deschaine*, Fn. 2, Fn 4; *Pushard,* Fn 14.

42. It was the intent of Shirley R. Drew and Taylor, Bean & Whitaker Mortgage Corp., at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

43. The Plaintiff, Selene Finance, LP, is the owner and holder of the subject Promissory Note.

44. The Plaintiff, Selene Finance, LP, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

45. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

46. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

47. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

48. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

49. The Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, has no personal liability in this matter.

50. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Selene Finance, LP, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Selene Finance, LP, upon the expiration of the period of redemption;

c) Find that the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in breach of the Note by failing to make payment due as of December 1, 2015, and all subsequent payments;

d) Find that Shirley R. Drew entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of Shirley R. Drew, and the original lender, Taylor, Bean & Whitaker Mortgage Corp., on February 29, 2008 to create a mortgage on the property commonly known as and numbered as 1022 River Road, Windham, ME 04062.

f) Impose an equitable mortgage upon the property commonly known and numbered as 1022 River Road, Windham, ME 04062 for the benefit of the Plaintiff who currently owns the Note and manifested by the intent of the parties when the transaction was initially consummated;

g) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

h) Find that while the Defendant, Benjamin P. Campo, Jr., Special Administrator to the Estate of Shirley R. Drew, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 1022 River Road, Windham, ME 04062; and

i) For such other and further relief as this Honorable Court deems just and equitable.

 

Respectfully Submitted,
Selene Finance, LP,
By its attorneys,

Dated: October 7, 2019

/s/ Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com